## Lefkowitz v. Kopylczak et al.

*John G. Gaut*, for plaintiff.

*Scales, Loughran & Shaw*, for defendants.

LAIRD, J., March 20, 1945.—On November 24, 1944, plaintiff herein filed in the office of the prothonotary in this county a transcript of the record of John S. Sloan, a justice of the peace, in the above case, at the above number and term.

On December 20, 1944, defendants filed a petition to strike off the judgment entered pursuant to the said transcript, and on the same day a rule was granted on plaintiff to show cause why the judgment should not be stricken off.

Defendants allege several reasons, among them that the justice of the peace had no jurisdiction of the persons to this action by reason of an invalid service upon them, and that the judgment is entered against both defendants although there was no appearance by both.

The record shows service in these words:

"And now, August 1, 1942, summons returned on oath, served the within writ August 1, 1942, upon the within named defendants Alex Kapalchak and his wife by handing a true and attested copy thereof them personally at their dwelling house in Trafford, Westmoreland County."

The record shows an appearance before the justice of the peace, at the time and place set in the summons,

by plaintiff and "defendant" without any indication as to which defendant appeared. Judgment was rendered "in favor of the plaintiff in the sum of $130 together with costs", presumably against both defendants. If the judgment was against only one, the record does not show which one.

In such circumstances this court must, on the face of the record, disregard, for the purposes of this case, any appearance by either defendant, as it is not indicated by the record which one appeared. In this proceeding the court is limited to consideration of the record: Wilson v. Routch, 24 Westm. 185.

If there was no appearance by defendant, then the record must show a valid service of the summons. The record of a judgment before a justice of the peace in a case where the defendant did not appear is invalid when it does not show either: (1) an affidavit upon the summons by the constable, certified by the justice of the peace, setting forth a valid service; or (2) that the constable was sworn and his testimony to the same effect was taken by the justice of the peace and made part of the record: Perry v. Romig, 19 Leh. 317.

The return of service as above quoted shows service upon "Alex Kopalchak and his wife", who might or might not be Alex Kopylczak and Mary Kopylczak, his wife, who are named as defendants and against whom the judgment is rendered. The court is of the opinion that this is not a valid service, and therefore the record does not show that the justice of the peace had jurisdiction of the persons of defendants.

Where there is no valid service, the court of common pleas has authority to strike the judgment from the record in this type of case: Berlin v. Denci, 25 Westm. 117; Department of Public Assistance v. Scalzo, 45 D. & C. 89.

And now, to wit, March 20, 1945, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the rule to strike off the

judgment at the above number and term be and the same hereby is made absolute and the said judgment be and the same hereby is stricken from the record.